IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHANDEL HOFFMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COURIER EXPRESS/CHARLOTTE, INC., and COURIER EXPRESS FREIGHT, INC.,<br><br>Defendants. | Civil Action No. 2:22-cv-1188-BHH<br><br><br>COMPLAINT<br>(Individual and Collective Action) |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Chandel Hoffman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned, for his Original Complaint—Collective Action against Courier Express/Charlotte, Inc., and Courier Express Freight, Inc. (collectively "Defendants" or "Defendant"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the South Carolina Payment of Wages Act, 41-10-10, *et seq.* ("SCPWA").

2.     Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and

Page 1 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

practice of failing to pay Plaintiff sufficient wages under the FLSA and the SCPWA within the applicable statutory limitations period.

3.  Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4.  The United States District Court for the District of South Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.  This Complaint also alleges violations of the SCPWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's SCPWA claims pursuant to 28 U.S.C. § 1367(a).

6.  Defendant conducts business within the State of South Carolina.

7.  Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of South Carolina has personal jurisdiction over Defendant, and Defendant therefore "resides" in South Carolina.

8.  A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Charleston Division of the District of South Carolina. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9.  Plaintiff is an individual and resident of Charleston County.

Page 2 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

10. Separate Defendant Courier Express Charlotte, Inc. ("CE Charlotte"), is a foreign, for-profit corporation.

11. CE Charlotte's registered agent for service of process if National Registered Agents, Inc., at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.

12. Separate Defendant Courier Express Freight, Inc. ("CE Freight"), is a foreign, for-profit corporation.

13. CE Freight's registered agent for service of process if National Registered Agents, Inc., at 2 Office Park Court, Suite 103, Columbia, South Carolina, 29223.

14. Defendant, in the course of its business, maintains a website at https://www.courierexpress.net/.

## IV.    FACTUAL ALLEGATIONS

15. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17. Upon information and belief, the revenue generated from CE Charlotte and CE Freight was merged and managed in a unified manner.

18. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

Page 3 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

19. Defendant owns and operates a package delivery service.

20. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

22. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

23. Specifically, Plaintiff worked for Defendants as a Delivery Driver from November of 2021 until January of 2022.

24. Defendant also employed other Delivery Drivers within the three years preceding the filing of this Complaint.

25. At all relevant times herein, Defendant directly hired Delivery Drivers to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. At all times material herein, Plaintiff and other Delivery Drivers have been entitled to the rights, protections and benefits provided under the FLSA.

27. Plaintiff's primary duties were to deliver packages for Defendant. Plaintiff was also required to load packages into trucks at the beginning of each workday.

Page 4 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

28. Other Delivery Drivers had the same or similar duties as Plaintiff.

29. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and paid him a piece rate per package delivered.

30. Other Delivery Drivers were also classified as exempt from the overtime requirements of the FLSA and were paid a piece rate.

31. Plaintiff and other Delivery Drivers did not receive a weekly minimum guarantee pursuant to 29 C.F.R. § 541.604(b).

32. Plaintiff and other Delivery Drivers did not receive 1.5x their regular rate of pay for hours worked over 40 each week.

33. In performing their services for Defendants, Plaintiff and other Delivery Drivers were not required to utilize any professional education relevant to their job duties.

34. During the course of their employment, Plaintiff and other Delivery Drivers did not manage the enterprise or a customarily recognized subdivision of the enterprise.

35. Plaintiff and other Delivery Drivers did not select any employees for hire or fire, nor did they provide any training for any employee.

36. Plaintiff and other Delivery Drivers did not have any control of or authority over any employee's rate of pay or working hours.

37. Plaintiff and other Delivery Drivers did not maintain or prepare production reports or sales records for use in supervision or control of the business.

38. Similarly, Plaintiff and other Delivery Drivers did not have any responsibility for planning or controlling budgets.

Page 5 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

39. The duties of Plaintiff and other Delivery Drivers were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

40. In carrying out their duties, Plaintiff and other Delivery Drivers followed the processes put in place by Defendant and others.

41. Plaintiff performed all of his work within South Carolina.

42. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

43. Defendant also classified other Delivery Drivers as independent contractors.

44. Plaintiff's and other Delivery Drivers' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

45. Defendant, at all times relevant hereto, knew that Plaintiff and other Delivery Drivers were acting as employees, rather than as independent contractors, and treated them as employees.

46. At all times material herein, Plaintiff and other Delivery Drivers have been entitled to the rights, protections and benefits provided under the FLSA.

47. Plaintiff and other Delivery Drivers did not financially invest in Defendant's business.

48. Plaintiff and other Delivery Drivers did not share in the profits or losses of Defendant's business.

49. Defendant, not Plaintiff or other Delivery Drivers, set prices for services.

Page 6 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

50. Defendant determined Plaintiff's and other Delivery Drivers' pay scale for services without input from or negotiation with Plaintiff and other Delivery Drivers.

51. Defendant, not Plaintiff or other Delivery Drivers, decided whether and how many Delivery Drivers to hire.

52. Plaintiff and other Delivery Drivers were hired to work for Defendant for a continuous and ongoing period of time.

53. Plaintiffs and other Delivery Drivers did not have any control of or authority over any employee's rate of pay or working hours.

54. Defendant set the Defendant's business policies and rules and had complete control over the venue.

55. Defendant required Plaintiff and other Delivery Drivers to follow Defendant's business policies and rules.

56. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Delivery Drivers' input.

57. Defendant set Plaintiff's and other Delivery Drivers' routes each day.

58. Defendant set Plaintiff's and other Delivery Drivers' schedules.

59. Plaintiff and other Delivery Drivers were required to arrive at work at the time determined by Defendant and remain until they finished all of their deliveries for the day.

60. Plaintiff regularly worked more than forty hours per week.

61. Upon information and belief, other Delivery Drivers regularly or occasionally worked more than forty hours in a week.

Page 7 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

62. Defendant did not provide Plaintiff and other Delivery Drivers with a timekeeping system to track their time worked.

63. Defendant knew or should have known that Plaintiff and other Delivery Drivers were working hours over 40 in at least some weeks.

64. Defendant did not pay Plaintiff or other Delivery Drivers an overtime premium for hours worked over forty per week.

65. Defendant required Plaintiff and other Delivery Drivers to use an app on their phone to track their location.

66. The app cost $5 per week to maintain.

67. Plaintiff and other Delivery Drivers were required to pay for the app, and Defendant did not reimburse them.

68. Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering to Defendant's customers.

69. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

70. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

Page 8 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

71. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses nor does Defendant keep records of all of those expenses.

72. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

73. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

74. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

75. Because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, upon information and belief the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations and additional overtime pay violations. *See* 29 C.F.R. § 531.35

76. At all relevant times herein, Defendant has deprived Plaintiff and other Delivery Drivers of proper overtime compensation for all the hours worked over forty per week.

77. Defendant knew or should have known that it failed to pay Plaintiff and other Delivery Drivers a sufficient wage.

78. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the SCPWA.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

79. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

Page 9 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

80. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

 A. Minimum wages for all hours worked;

 B. Overtime premiums for all hours worked for Defendant in excess of forty each week;

 C. Liquidated damages; and

 D. Attorney's fees and costs.

81. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers in the last three years.**

82. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

83. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

84. The members of the proposed FLSA collective are similarly situated in that they share these traits:

 A. They were classified by Defendant as independent contractors;

 B. They had substantially similar job duties and requirements;

 C. They were paid on a piece-rate basis;

Page 10 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

D.  They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

E.  They were subject to Defendant's common policy of not reimbursing Delivery Drivers for expenses related to making deliveries for Defendant's restaurants;

F.  They did not receive a lawful minimum wage or overtime premium.

85.  Plaintiff's claims are essentially the same as those of the putative collective.

86.  Defendant's unlawful conduct is pursuant to a corporate policy or practice.

87.  Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds thirty (30) persons.

88.  Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

89.  The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

90.  Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

91.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

Page 11 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

92. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

93. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

94. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

95. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

96. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

97. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

98. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

99. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

Page 12 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

100. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

101. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

102. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

103. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

104. During the period relevant to this lawsuit, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

105. Despite the entitlement of Plaintiff and all others similarly situated to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff and all others similarly situated lawful overtime wages for all hours worked over forty each week.

106. Defendant failed to pay Plaintiff and all others similarly situated a lawful minimum wage for all hours worked.

107. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

Page 13 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

108. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the SCPWA)

109. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

110. Defendant is an "employer" within the meaning of the SCPWA, S.C. Code Ann. § 41-10-10(1).

111. The SCPWA requires employers to pay employee's all wages due even with their pay date. S.C. Code Ann. § 41-10-40.

112. Defendant violated the SCPWA by failing to pay Plaintiff wages due within the applicable time period.

113. Defendant's failure to pay all wages due was willful and in bad faith.

114. Defendant is liable to Plaintiff for all wages due.

115. Plaintiff is entitled to an amount three times the full amount of the wages illegally withheld from him.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chandel Hoffman, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

Page 14 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the SCPWA and the related regulations;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the SCPWA and the related regulations;

E. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the SCPWA and the related regulations;

F. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

G. Such other and further relief as this Court may deem just and proper.

Page 15 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action

Respectfully submitted,

**CHANDEL HOFFMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

THE LAW OFFICES OF JASON E. TAYLOR, P.C.
115 Elk Avenue
Rock Hill, South Carolina 29730
Telephone: (803) 328-0898

*/s/ Jacob J Modla*
Jacob J. Modla
Federal Bar ID No.: 12639
jmodla@jasonetaylor.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Laura Edmondson*
Laura Edmondson
Ark. Bar No. 2021312
laura@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 16 of 16
Chandel Hoffman, et al. v. Courier Express/Charlotte, Inc.
U.S.D.C. (Dist. of S.C.) Case No. 1:22-cv-____
Original Complaint—Collective Action